AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| | ) | 6:15-mj- 1056 |
| | ) | (M-15-0386-M) |
| FNU LNU | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 5, 2007__ in the county of __Orange__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1542 | Passport Fraud. |

I certify the foregoing to be a true and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida

By: _____
Deputy Clerk

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

Ramon A. De Leon, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/4/15

_____
Judge's signature

City and state: Orlando, Florida

Gregory J. Kelly, United States Magistrate Judge
*Printed name and title*

**STATE OF FLORIDA**

**COUNTY OF ORANGE**

CASE NO. 6:15-mj- /056

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Ramon A. De Leon, being duly sworn, do hereby depose and state the following:

1. I am a Special Agent at the Miami Field Office of the U.S. Department of State, Bureau of Diplomatic Security (hereinafter referred to as DS) and have been so employed since September, 2013. As a Special Agent for DS, I conduct investigations involving criminal violations of laws related to U.S. passports, U.S. visas, and other travel documents used to transit international borders. When I became a Special Agent, I received training at the Federal Law Enforcement Training Center in Glynco, Georgia, for four months regarding criminal investigations. I then received training at the Diplomatic Security Training Center in Dunn Loring, Virginia, for four months regarding criminal investigations of the laws related to travel documents and protection of the Secretary of State and visiting foreign leaders and dignitaries.

2. This Affidavit is made in support of a Criminal Complaint and Arrest Warrant for **FNU LNU** (pictured in Exhibit A attached hereto), who willfully and knowingly made a false statement in an application for a U.S. passport, in violation of Title 18, United States Code, Section 1542.

3. The information in this Affidavit is based upon my own knowledge, records furnished to or obtained by me in my official capacity, and information provided by law enforcement officials and other official sources. This Affidavit does not contain every material fact that I have learned during the course of this investigation; however, no

information known to me that would tend to negate probable cause has been withheld from this Affidavit.

4. On December 5, 2007, **FNU LNU**, an unidentified individual purporting to be "O.R.," submitted a DS-11 application for U.S. passport #XXXXX6114 in Orange County at the Clerk of Court, Apopka, Florida. As proof of her identity, **FNU LNU** presented a Texas identification card in the name of "O.R." As proof of her citizenship, **FNU LNU** presented a birth certificate from Texas. **FNU LNU** submitted the following personally identifiable information on the DS-11 application for U.S. passport: the social security number of O.R., the date of birth of O.R., and place of birth as Mission, Texas, which also corresponded with **FNU LNU's** supporting documentation.

5. **FNU LNU** swore before an authorized passport Acceptance Agent to the truth and veracity of all the information contained on that passport application and that the attached photograph was a true photograph of the true "O.R." Subsequently, U.S. passport #XXXXX3563 was issued.

6. On February 10, 2014, the real "O.R." submitted a DS-11 application for a U.S. passport #XXXXX5446 at a United States Post Office, in Alameda, California. As proof of her identity, "O.R." presented her California driver's license. As proof of her citizenship, "O.R." presented a U.S. passport issued in 1998. "O.R." submitted the following personally identifiable information on the DS-11 application for U.S. passport #XXXXX5446: "O.R.'s" social security number (which was the same social security number used by **FNU LNU** on passport application ##XXXXX6114), "O.R.'s" date of birth (which was the same date of birth used by **FNU LNU** on passport application

2

##XXXXX6114), and place of birth, which also corresponded with "O.R.'s" supporting documentation.

7. A subsequent DS, San Francisco Field Office (SFFO) investigation into the DS-11 application for U.S. passport #XXXXX5446 submitted by "O.R.", revealed that "O.R." had two other previous U.S. passports. Commercial database checks conducted on "O.R." revealed a residential history in California from 1988 to present.

8. After a thorough review of commercial and criminal databases, government records and interviewing the daughter of "O.R.", the SFFO investigation determined the individual pictured in DS-11 application for U.S. passport #XXXXX5446 ("O.R.") provided substantial evidence to prove her identity, and the individual pictured in DS-11 application for U.S. passport #XXXXX6114 (**FNU LNU**) is likely an imposter.

9. A review of Florida's Driver and Vehicle Database (DAVID) revealed a driver's license in the name of "O.R.", issued on June, 4, 2008. A Texas birth certificate and Texas identification card in the name of "O.R." were presented as supporting documentation used to obtain the Florida driver's license. The Texas identification card photo was taken on March, 4, 2003, this is the first recorded photograph, address or government identification for **FNU LNU** that surfaced during the course of the investigation.

3